PER CURIAM:
The Court in its opinion issued on November 10, 1980, denied this claim on the grounds it was barred by the Statute of Limitations. The claim is now before the Court for rehearing on the issue of whether the claim is time barred.
On or about May 20, 1977, hydacid uranine (flourscein) dye was placed in a water well located upon property in Mineral County, West Virginia. The dye was put in the well by respondent, in an effort to trace underground water to a surface mine site. The dye damaged the well. Respondent drilled a new well, but the dye migrated to and contaminated the new well.
The claimants purchased the property in the fall of 1977, with the assurance that the dye was temporary and not detrimental. On February 25, 1980, the claimants filed this claim for $1,956.00 for the cost of installing a third well. The respondent on June 11, 1980, filed its Answer admitting the damage to claimants’ well. On June 23, 1980, respondent filed its Amended Answer, with the defense that the claim was barred by the applicable two-year period of limitations.
*347 At the rehearing, it was established that the claimants were advised for the first time not to use the well for domestic purposes on March 3, 1978, in a letter from the West Virginia Department of Health. The claimants’ right of action accrued on March 3, 1978, and this claim is not barred by the statute of limitations. However, the testimony at the rehearing established that the claimants started to receive city drinking water “a couple of months” prior to the July 21, 1982, rehearing date. It was also established that the third well, for which the claimants seek $1,956.00 to drill was never drilled. Accordingly, there can be no award for special damages but, the claimants certainly have been inconvenienced by action of the respondent before obtaining a public water supply and, accordingly, the Court makes an award to the claimants in the amount of $500.00.
Award of $500.00.